IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL LAMAR HATCHER, )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>  J. CARTER, )<br>  )<br>  Defendant. ) | <br><br><br><br>Civil Action No. 2:16cv687-WKW<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Daniel Lamar Hatcher ("Hatcher"), a federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action on August 17, 2016.[1] He names as the sole Defendant "J. Carter" (first name unknown), Warden of the Montgomery Municipal Jail in Montgomery, Alabama. Doc. No. 1 at 1-2. Hatcher alleges that Carter violated his constitutional right of access to the courts during his incarnation pending his trial on federal criminal charges.[2] *Id*. at 2-3; Doc. No. 1-1 at 2-3. He seeks $50,000 in compensatory damages and "[a]ny additional relief this court deems just,

---

[1] A *Bivens* action, which is brought against a federal actor acting in his or her individual capacity under color of federal law, is the federal counterpart to an action under 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see Butz v. Economou*, 438 U.S. 478, 498-500.

[2] Hatcher purports to bring this action under 42 U.S.C. § 1983. *See* Doc. No. 1 at 1; Doc. No. 1-1 at 1. However, he challenges actions taken against him when he was a federal inmate housed in the Montgomery Municipal Jail, pending trial on federal controlled substance charges in the United States District Court for the Middle District of Alabama, while Warden Carter was acting under authority of a contract with federal officials. Doc. No. 1 at 3-4; Doc. No. 1-1 at 1-3. Under the circumstances, the court construes Hatcher's complaint as a *Bivens* action. Hatcher is currently incarcerated at Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina.

proper, and equitable." Doc. No. 1-1 at 3. After careful consideration, it is recommended that the instant *Bivens* action be dismissed with prejudice, prior to service of process, under 28 U.S.C. § 1915(e)(2)(B)(i), because Hatcher's claims are time-barred and are therefore frivolous as a matter of law.

## II.   DISCUSSION

### A.   Standard of Review Under 28 U.S.C. § 1915(e)(2)(B)

Because Hatcher is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[3] The court must determine whether the cause of action stated in the complaint (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. A complaint may be dismissed under 28 U.S.C. §

---

[3] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolessness analysis and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).

**B.    Hatcher's Claims Are Barred by the Statute of Limitations.**

Hatcher alleges that Defendant Carter violated his First Amendment right of access to the courts by refusing to provide him with access to a law library or legal books for the 37-month period from July 14, 2009, through August 8, 2012, during which he was housed in the Montgomery Municipal Jail, pending and through the sentencing phase of his federal trial on controlled substance charges. Doc. No. 1-1 at 2-3. According to Hatcher, Carter's failure to provide him with a law library resulted in his receiving "a much harsher term of imprisonment."[4] *Id*. at 3.

State law determines the statute of limitations for a *Bivens* action. *See McIntire v. United States,* 884 F.Supp. 1529, 1531-32 (M.D.Ala. 1995) (citing *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994)); *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Alabama has a two-year statute of limitations for claims alleging personal injury, which is codified at § 6-2-38(l), Ala. Code 1975. That section states that "[a]ll actions for any injury to the person or rights of

---

[4] The undersigned takes judicial notice of court records that reflect that on May 28, 2009, Hatcher was charged by a grand jury in the Middle District of Alabama in a two-count indictment with conspiracy to distribute crack cocaine (Count 1) and distribution of crack cocaine (Count 2). *See United States v. Hatcher*, Case No. 2:09cr81-MEF (M.D. Ala.), Doc. No. 1. On April 20, 2010, the jury returned a verdict finding Hatcher guilty on both counts of the indictment. *Id*., Doc. No. 136. On August 8, 2012, the district court sentenced Hatcher to 300 months' imprisonment on each of the two counts of conviction, to be served concurrently. *Id.*, Doc. No. 263. Hatcher appealed, and on September 25, 2013, the Eleventh Circuit affirmed. *Id.*, Doc. No. 285.

another not rising from contract and not specifically enumerated in this section must be brought within two years."

A *Bivens* claim accrues when the plaintiff knows, or has reason to know, of the injury that forms the basis of the action. *Sameric Corp. of Del. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir.1998). Hatcher complains of actions by Carter (the alleged refusal to provide Hatcher with access to a law library or legal books) taking place from Hatcher's July 14, 2009 incarceration in the Montgomery Municipal Jail through his August 8, 2012 sentencing by this court on federal charges. Consequently, Hatcher's claims against Carter accrued, at the latest, on August 8, 2012, upon the district court's sentencing of Hatcher. Because Hatcher filed the instant action on August 17, 2016, he was beyond the statutory period, and thus his *Bivens* claims against Carter are time-barred. Hatcher's claims are subject to dismissal under the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[5]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Hatcher's claims against Defendant Carter be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

2. This case be dismissed prior to service of process as required by 28 U.S.C. § 1915(e)(2)(B).

---

[5] Usually, the statute of limitations is a matter to be raised as an affirmative defense. However, in a *Bivens* action (or an action proceeding under 42 U.S.C. § 1983), a court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[ ] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin [v. State of Oregon],* 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n. 2. In such case, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.

It is further ORDERED that the parties shall file any objections to this Recommendation or before January 31, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 17th day of January, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge