IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LAMAR HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-687-WKW |
| | ) | |
| J. CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

On January 17, 2017, the Magistrate Judge filed a Recommendation. (Doc. # 9.) On January 30, 2017, Plaintiff Daniel Lamar Hatcher filed objections. (Doc. # 10.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

This *Bivens*[1] action was filed on August 22, 2016. In his complaint, Plaintiff contends he was denied access to a prison law library from July 14, 2009 through

---

[1] A *Bivens* action, which is brought against a federal actor acting in his or her individual capacity under color of federal law, is the federal counterpart to an action under 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see Butz v. Economou*, 438 U.S. 478, 498-500. As the Magistrate Judge noted, this action is treated as a *Bivens* action because, at the time Plaintiff was denied access to a law library, he was housed as a federal inmate in the Montgomery municipal jail. If Plaintiff was housed as a state inmate, this would be treated as an action pursuant to 42 U.S.C. § 1983, and Plaintiff's § 1983 claims would be subject to dismissal pursuant to a two-year statute of limitations. *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("[T]he two-year limitations period of Ala.Code § 6–2–38(l) applies to section 1983 actions in Alabama.").

approximately August 14, 2012. (Doc. # 1 at 2.) The Magistrate Judge recommended that the action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on grounds that the complaint was filed more than two years after the alleged constitutional violation. In his objection, Plaintiff argues that "there is no statute of limitations on [c]onstitutional [v]iolations." (Doc. # 10 at 2.) Plaintiff's objection is invalid. *See Dennis v. United States Dept. of Justice*, 228 F. App'x 861, 863–64 (11th Cir. 2002) (applying Alabama's two-year statute of limitations to a *Bivens* action).

Accordingly, it is ORDERED as follows:

1. Plaintiff Daniel Lamar Hatcher's objections (Doc. # 10) are OVERRULED.

2. The Recommendation (Doc. # 9) is ADOPTED.

3. Plaintiff Daniel Lamar Hatcher's claims against Defendant J. Carter are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

4. This action is DISMISSED without any further opportunity for amendment, and prior to service, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[2]

---

[2] Because the alleged constitutional violation occurred more than two years prior to the filing of the complaint, any opportunity to amend the complaint to state a claim would be unfruitful.

DONE this 24th day of April, 2017.

                                        /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE